# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| LA SHAWN LEE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:06-0452 |
| ) | |
| DIRECTOR, ) | |
| **Federal Bureau of Prisons,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On June 12, 2006, Plaintiff,[1] acting *pro se* and formerly incarcerated at FCI Beckley in Beckley, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[2] (Document No. 1.) Plaintiff names the following as Defendants: (1) Director, Federal Bureau of Prisons; (2) Charles T. Felts, Warden; and (3) John Doe, Commissary Supervisor. (Id.) In his Complaint, Plaintiff alleges as follows:

> Prison Director is allowing prison staff at FCI Beckley to violate consumer protection laws, and sell products inflated or contrary to manufacture policy. The Warden Felts has allowed prison commissary staff to steal, cheat, and otherwise attach inflated prices to consumer products to sell to inmates at unreasonable prices that are contrary to consumer product laws of the United States. The commissary supervisor is illegally selling envelopes with printing, Dove soap marked "not for individual sale" and other items for illegal prices and the funds are being diverted for profit that is not toward inmate general funds.

(Document No. 1, pp. 2 - 3.) Plaintiff further states that Defendants have conspired to inflate commissary prices. (Id., p. 4.) Plaintiff contends that Defendants' above conduct violates the

---

[1] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 8, 2007.

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

public's interest and Plaintiff's constitutional rights. (Id., p. 3.) Plaintiff requests the following relief: (1) "Court order issued 'granting' injunction with Court appointed master to review all items sold to inmates;" and (2) "Court order issued 'granting' compensatory and punitive damages of $50,000.00 dollars." (Id., p. 4.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

## ANALYSIS

Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of

Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. Therefore, the actions and conduct of federal agencies, officers and employees are not actionable under Section 1983. See Gomez v. Toledo, 446 U.S. 635, 640 (1980)(a claim for relief under Section 1983 may be made only against persons who acted under color of state law). Rather, claims of personal liability for violations of constitutional rights may be maintained against individual federal officers and employees under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Because the Defendants were acting under color of federal law, Plaintiff's claims against them are not cognizable under Section 1983. The undersigned therefore will construe and consider Plaintiff's claims under Bivens.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the

3

violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

Plaintiff claims that Defendants subjected him to price gouging and charged inflated prices for items sold in the commissary. Plaintiff, however, cannot prove that Defendants deprived him of a right protected by the Constitution. Inmates have no constitutionally protected right to be able to purchase items from the commissary. Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996)(stating that "we know of no constitutional right of access to a prison gift or snack shop"). Additionally, inmates clearly have no constitutionally protected right to purchase items from the

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id.*

commissary at a particular price or to prevent the charging of exorbitant prices. See McCall v. Keefe Suppy Co., 71 Fed.Appx. 779, 780 (10th Cir. 2003)(finding that inmate's allegation that he was overcharged for goods at the prison commissary failed to state a constitutional claim); French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980), cert. denied, 446 U.S. 942, 100 S.Ct. 2167, 64 L.Ed.2d 797 (1980)(no legal basis exists for a demand that inmates be offered items for purchase at or near cost); Lucas v. Rivera, 2009 WL 902355 *2 (D.S.C. March 31, 2009)(stating that "Plaintiff has no right protected by the constitution to buy items at the lowest price possible"); Lineberry v. United States, 2009 WL 499763 (E.D.Tex. Feb. 27, 2009)(rejecting inmate's claim that his constitutional rights were violated based upon the prison store charging excessive prices); Hopkins v. Keefe Commissary Network Sales, 2007 WL 2080480 *5 (W.D.Pa. July 12, 2007)(stating that inmates have no federal constitutional right to purchase items from the commissary at any particular price or to have the commissary restrained from charging even exorbitant prices); and Collins v. Virginia, 2006 WL 1587467 *1 (W.D.Va. June 6, 2006)(stating that "inmates have no constitutionally protected interest in purchasing stamps, food substances, or any other good through the prison commissary at the cheapest price possible"). Accordingly, the undersigned finds that Plaintiff's allegations cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Bivens.[4] Plaintiff's Complaint must therefore be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm

---

[4] To the extent Plaintiff is alleging that Defendants conspired to inflate commissary prices, the undersigned finds that Plaintiff's conspiracy claim must also be dismissed for failure to state a claim. Plaintiff's conspiracy claim is derivative of and dependent upon him establishing an underlying constitutional violation, and Plaintiff's claim of price gouging does not constitute a constitutional violation.

5

and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: June 4, 2009.

R. Clarke VanDervort
United States Magistrate Judge